IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX ANDERSON,

    Petitioner,               No. CIV-06-1637 RRB KJM P

    vs.

JAMES YATES,

    Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is currently serving a sentence of twenty years imprisonment for several offenses.  Respondent has filed a motion to dismiss in which respondent argues that this action is time-barred.

        Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

/////

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner was convicted and sentenced on April 21, 2003. His convictions and sentences became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on June 20, 2003 when time ran for an appeal. See Resp't's Lodged Doc. #1; Cal. Rule of Court 8.308(a).[1] The statutory limitations period began running the next day and ran out on June 20, 2004 unless extended through tolling.

Under the doctrine of equitable tolling, the court may toll the limitations period if circumstances beyond a habeas petitioner's control made it impossible to file a federal petition on time. See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). In his opposition, which is unverified, petitioner's points to difficulties he says he had in pursuing the state court remedies that must be exhausted before a state prisoner can proceed with a federal habeas action. He focuses on roadblocks he said prevented his filing a timely direct appeal, however, rather than on barriers to filing state habeas petitions. He says he sent eight letters requesting an appeal to his court-appointed attorney, all in vain; he was held in the county jail's psychiatric unit for approximately one-and-a-half-months after sentencing, from April 21 to June 2, 2003; his transfer to state prison after sentencing was delayed because the court system lost the documents related to his sentence; even after he was transferred to state reception centers, for the

---

[1] Rule 8.308 formerly has been numbered 30.1, and before that, 30.

first four months, from June 2, 2003 to October 2, 2003, "there was no opertunity to file said Appeal Documents untill I reached my appointed prison"; and it was only after he reached that prison, Pleasant Valley, that he got the papers to file his first appeal in March 2004. Opp'n at 1-2. Petitioner says the appeal, filed in El Dorado County Superior Court, was denied sometime in April 2004, id. at 2, some one or two months prior to the running of the limitations period.[2]

While petitioner did file habeas petitions in the state courts, it is undisputed his first such petition was not filed until April 6, 2005. Lodged Doc. 2; see also Lodged Docs. 3-7 (denials and filing of subsequent petitions up the state "ladder"). The state habeas petitions, filed well after the expiration of the limitations period, did not revive it. Vroman v. Brigano, 346 F.3d 598, 601-02 (6th Cir. 2003).

Petitioner did not commence this action until June 15, 2006. This action thus must be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's April 5, 2007 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

---

[2] While petitioner seems to suggest he should also benefit from tolling because he is innocent, in that he avers the victim of the alleged crime was not old enough to satisfy the elements of the crimes of which he was convicted, he has not met the "extraordinarily high" standard for satisfying such a claim. See Boyde v. Brown, 404 F.3d 1159, 1168 (9th Cir.), as amended on rehearing, 421 F.3d 1154 (2005); Schlup v. Delo, 513 U.S. 298, 324 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998). Petitioner's late-offered testimony regarding a proposed exhibit to support his claim of innocence, is insufficient to prompt the court's consideration of any tolling argument. See Opp'n at 4 & Ex. B.

3

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2007.

                                       U.S. MAGISTRATE JUDGE

1
ande1637.157